UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS     CIVIL CASE NO. 06-11983
OF AMERICA (UAW),

                                             Plaintiffs,     HONORABLE PAUL V. GADOLA
                                                                    U.S. DISTRICT COURT
v.

SHANE STEEL PROCESSING, INC.,

                                             Defendant.
_____/

## ORDER GRANTING DEFAULT JUDGMENT

On April 28, 2006, Plaintiff filed a complaint against Defendant Shane Steel Processing, Inc., seeking enforcement of an August 2, 2005 arbitration award. On October 12, 2006, after Plaintiff failed to take any affirmative action to prosecute the case, the Court dismissed the cause of action, *sua sponte*, for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). After a demonstration of good cause, the Court reinstated Plaintiff's cause of action on December 5, 2006. Plaintiff requested a clerk's entry of default on February 1, 2007 and the Clerk of the Court entered a default on the same date.

On February 16, 2007, Plaintiff filed a motion for default judgment, pursuant to Federal Rule of Civil Procedure 55(b). Plaintiff contends that it is entitled to judgment in the amount of $14,617.14, following the arbitration award. Defendant failed to respond to the original complaint and failed to respond to the motion for default judgment. Accordingly, on March 14, 2007, the

Court issued an order to show cause to Defendant Shane Steel Processing, Inc., ordering Defendant to set forth in writing, within eleven days of the filing of that order, why Defendant failed to respond to Plaintiff's dispositive motion for default judgment and why Plaintiff's motion for default judgment should not be granted. The Court further warned Defendant that the failure to answer the order within that time would lead to an entry of default judgment in favor of Plaintiff in the amount sought.

Following the submission of an improper, unfiled, ex-parte letter response to the order, the Court granted Defendant until April 30, 2007 to file a proper response to the order to show cause. Defendant submitted a one page response on April 30, 2007. The response states that Defendant has shut down business operations and is undergoing a forced liquidation of assets. The response further states that the amount sought by Plaintiff, $14,617.14[1], is not the correct amount under the arbitration award because the grievant received unemployment compensation during the period covered by the arbitration back pay award. Defendant claims that it has tried to obtain information to verify the amount of the relevant unemployment compensation offset, but such information was not provided by Plaintiff. Defendant's response does not contest the failure to file any response to Plaintiff's claim, that a default judgment is appropriate, or the total amount of the award, notwithstanding the offset.

Federal Rule of Civil Procedure 12 states that "Unless a different time is prescribed in a statute of the United States, a defendant shall serve an answer within 20 days after being served with

---

[1] The Court notes that the amount sought consists of $14,367.14 in principal, plus the filing fee for this cause of action of $250.00.

the summons and complaint." Fed. R. Civ. P. 12(a)(1). Fed. R. Civ. P. 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." "When an application is made to the court under Rule 55(b)(2) for the entry of a judgment by default, the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered." Wright, Miller & Kane, *Federal Practice and Procedure* § 2685 (1998) (emphasis added) (footnotes omitted).

In the instant case, the Court has considered the relevant factors, *id.* at § 2685, and the pertinent filings and finds that the entry of default judgment is appropriate. Plaintiff has sought to litigate the case in good faith and, despite Plaintiff's best efforts, Defendant has not responded in any meaningful way. Defendant does not claim that there was any good faith mistake or excusable error on its part in failing to respond, only that Defendant does not have the necessary documentation to determine the proper offset amount. However, a review of the docket reveals that Plaintiff provided the information as to the specific amount of the offset in the March 16, 2007 motion for default judgment. *See* Mot. for Default Judg., Ex. 2, ¶16. Furthermore, grievant's affidavit specifically indicated that the offset amount for the unemployment benefits previously received was not relevant because that amount would be repaid to the interested agency *by the grievant*, once the Defendant paid over the award damages. Therefore, Defendant has not presented

any justifiable reason why default judgment should not be entered.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment [docket entry #10] is **GRANTED**.

**SO ORDERED**.


Dated:   May 16, 2007                             s/Paul V. Gadola
                                                  HONORABLE PAUL V. GADOLA
                                                  UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   May 16, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:             Laura J. Campbell; Samuel C. McKnight; Lisa M. Smith           , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                   John M. Hartley                    .


                                                  s/Ruth A. Brissaud
                                                  Ruth A. Brissaud, Case Manager
                                                  (810) 341-7845